O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHADER KHOURY,<br><br>             Plaintiff,<br><br>       vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>             Defendant. | Case No. EDCV 08-0132 RNB<br><br>ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

The Court now rules as follows with respect to the two disputed issues listed in the Joint Stipulation.[1]

1.   <u>The Court is unable to affirm the rejection by the Administrative Law Judge ("ALJ") of the opinions of plaintiff's treating physician.</u>

It is well established in this Circuit that a treating physician's opinions are entitled to special weight, because a treating physician is employed to cure and has a

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

greater opportunity to know and observe the patient as an individual. See McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Baxter v. Sullivan, 923 F.3d 1391, 1396 (9th Cir. 1991). Where, as here, the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. See Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

Here, the ALJ rejected the opinions of plaintiff's treating physician, Dr. Baghat, rendered November 16, 2006, regarding the limitations attributable to plaintiff's physical impairments. (See AR 17, 221-24). The ALJ's only stated reason for rejecting Dr. Baghat's assessment was that the impairments he was assessing were "not within his usual expertise." (See AR 17).[2] Earlier in the decision, the ALJ had noted that Dr. Baghat was "a specialist in infectious disease." (See AR 16). The court concurs with plaintiff that the fact that Dr. Baghat, who was plaintiff's primary care

---

[2] The ALJ also noted that "[a]n opinion by a medical source that a claimant is disabled does not mean that a claimant will be determined to be disabled, as the final responsibility for determining these types of issues is reserved to the Commissioner." While this statement is correct under the Commissioner's regulations, the fact that a treating physician has rendered an opinion that can be characterized as an opinion on the ultimate issue of disability does not relieve the Commissioner of the obligation to state specific and legitimate reasons for rejecting it. See, e.g., Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998); Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988).

physician and had been treating plaintiff inter alia for his back pain and knee problems since at least 2002 (see AR 185-207),[3] happened to have a subspecialty in infectious disease does not in itself constitute a legitimate reason for rejecting his opinions. See Lester, 81 F.3d at 833 (rejecting argument that treating physician's opinion as to the claimant's mental functioning could be rejected because the treating physician was not a mental health specialist); Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987).[4]

      Further, although the ALJ stated that he was giving "greater weight" to the findings of the prior ALJ and the assessment of the State Agency physician, the Court notes that plaintiff was alleging that his knee problems had worsened since the time of the prior ALJ decision and since his knee surgery. (See AR 16, 238-40). Thus, nothing in the prior ALJ decision, which had been rendered on September 18, 2003, had any bearing on that issue. Further, the assessment by one of the State Agency physicians, Dr. Lizarraras, was rendered on April 4, 2005. (See AR 181). Since that assessment predated the June 7, 2005 MRI on plaintiff's left knee and the August 2005 surgery on that knee, it had no bearing on whether plaintiff's knee problems had worsened since the time of the surgery and did not qualify as substantial evidence that justified the rejection of Dr. Baghat's November 16, 2006 assessment. Since the

---

[3] According to plaintiff, his first visit to Dr. Baghat had been in 2001. (See AR 86).

[4] The Commissioner is correct in asserting that, under the Commissioner's regulations, the ALJ is permitted to "give more weight to the opinion of a specialist about medical issues related to his or her own area of specialty than to the opinion of a source who is not a specialist." See 20 C.F.R. §§ 404.1527(d)(5), 416.927(d)(5). However, that proposition has no applicability here since, as the ALJ noted, the medical evidence of record did not include any "evidence of treatment with an orthopedist, neurologist, psychiatrist, or other physician with more specialized knowledge" than Dr. Baghat. Thus, there were no opinions by any treating (or examining) physician to which the ALJ could properly give more weight under the foregoing regulations.

assessment by the other State Agency physician, Dr. Naiman, also predated the knee surgery and on its face was predicated <u>inter</u> <u>alia</u> on there being "no allegations of worsening due to knee problems" (<u>see</u> AR 211), it also did not qualify as substantial evidence that justified the rejection of Dr. Baghat's November 16, 2006 assessment. <u>See</u> <u>Lester</u>, 81 F.3d at 831 (holding that the opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of a treating physician); <u>see</u> <u>also</u> <u>Pitzer v. Sullivan</u>, 908 F.2d 502, 506 n.4 (9th Cir. 1990) ("[T]he conclusion of a non-examining physician is entitled to less weight than the conclusion of an examining physician."); <u>Gallant v. Heckler</u>, 753 F.2d 1450, 1454 (9th Cir. 1984) ("'A report of a non-examining, non-treating physician should be discounted and is not substantial evidence when contradicted by all other evidence in the record.'").

It follows from the Court's finding and conclusion that the ALJ erred in rejecting the opinions of plaintiff's treating physician that the Court is unable to affirm the ALJ's residual functional capacity determination. Accordingly, there is no reason for the Court to reach the issue raised by plaintiff of whether the ALJ made a proper vocational determination. (<u>See</u> Jt Stip at 6).

      2.    <u>The Court is unable to affirm the ALJ's adverse credibility determination.</u>

At the administrative hearing, plaintiff repeatedly testified about his knee problems and, as noted above, testified that his knee problems had worsened since the time of the prior ALJ decision and since his knee surgery. Plaintiff also attributed his walking, standing, and sitting limitations to his knee problems. (<u>See</u> AR 232, 234, 237-40, 244-46). The ALJ did find that plaintiff suffered from a severe knee impairment. (<u>See</u> AR 14).

It is well established in this Circuit that, where as here, the claimant has produced objective medical evidence of an impairment or impairments that could

4

1 reasonably be expected to produce some degree of pain and/or other symptoms and
2 the record is devoid of any affirmative evidence of malingering, the ALJ may reject
3 the claimant's testimony regarding the severity of the claimant's pain and/or other
4 symptoms only if the ALJ makes specific findings stating clear and convincing
5 reasons for doing so. See Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996);
6 Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d
7 341, 343 (9th Cir. 1991); Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986).
8 Further, it is incumbent on the ALJ to specify which statements by plaintiff
9 concerning his symptoms and functional limitations were not credible and/or in what
10 respect(s) plaintiff's statements were not credible. See Smolen, 80 F.3d at 1284; see
11 also Social Security Ruling ("SSR") 96-7p (requiring that the ALJ's decision "contain
12 specific reasons for the finding on credibility, supported by the evidence in the case
13 record," and that the decision "be sufficiently specific to make clear to the individual
14 and to any subsequent reviewers the weight the adjudicator gave to the individual's
15 statements and the reasons for that weight").

16 While the Court finds that the ALJ did at least arguably state clear and
17 convincing reasons for rejecting the specific statements made by plaintiff that the ALJ
18 referenced in his hearing decision (see AR 16), the ALJ failed to state clear and
19 convincing reasons for rejecting plaintiff's testimony regarding his worsening knee
20 problems and attendant functional limitations. Accordingly, the Court concurs with
21 plaintiff that the ALJ erred in his adverse credibility determination.

**CONCLUSION AND ORDER**

24 The law is well established that the decision whether to remand for further
25 proceedings or simply to award benefits is within the discretion of the Court. See,
26 e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at
27 603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted
28 where additional administrative proceedings could remedy defects in the decision.

See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

Here, plaintiff is not seeking a remand for the payment of benefits. Rather, the relief sought by plaintiff is that the Court "remand this matter for further proceedings consistent with those issues discussed herein." (See Jt Stip at 13).

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[5]

DATED: October 21, 2008

/s/ Robert N. Block

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[5] The Court is not foreclosing the possibility of the ALJ rejecting the opinions of plaintiff's treating physician and/or making an adverse credibility determination on remand, based on the substantial evidence of record and application of the proper legal standards. Nor is the Court otherwise limiting the scope of the remand. Indeed, it appears to the Court that the record has not been fully developed with respect to the limitations attributable to plaintiff's knee impairment and that a consultative examination by an orthopedist may well be warranted here.